**UNITED STATES v. McHUGH et al.**

Cr. No. 13416.

United States District Court
W. D. Pennsylvania.
April 9, 1952.

Philip O. Carr, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

S. V. Albo, Pittsburgh, Pa., for defendant Reilly.

McVICAR, District Judge.

The Act of April 25, 1940, 46 U.S.C. § 526m provides: "Any person who shall operate any motorboat or any vessel in a reckless or negligent manner so as to endanger the life, limb, or property of any person shall be deemed guilty of a misdemeanor * * *."

The Information in this case avers: "On or about June 11, 1950, on the waters of the Allegheny River, at approximately Mile 14.5, in the Western District of Pennsylvania, James P. McHugh and Charles Reilly operated a certain motor boat, No. 39 M 571, in a reckless or negligent manner, thereby endangering the lives, limbs and property of certain persons, to wit, Mr. John C. Kreig, Mrs. John C. Kreig, Mrs. W. H. Fisher, Jr., and Mr. William S. Leahy, Jr."

To this Information, both defendants plead Not Guilty. Under Rule 23, Fed. Rules Crim.Proc. 18 U.S.C., both defendants waived a jury trial and the case was tried before the Court. The Court rendered a verdict in favor of the defendant James P. McHugh and a verdict against the defendant Charles Reilly, which reads: "And Now, to-wit, February 25, 1952, this case came on for hearing (Jury Trial waived) and after hearing and consideration thereof, the Court finds the defendant, Charles Reilly, guilty and makes the general finding that the evidence establishes that on or about June 11, 1950, on the waters of the Allegheny River, at approximately Mile 14.5, in the Western District of Pennsylvania, Charles Reilly, defendant, operated a certain motor boat, No. 39 M 571, in a negligent manner, thereby endangering the lives, limbs and property of certain persons, to-wit, Mr. John C. Kreig, Mrs. John C. Kreig, Mrs. W. H. Fisher, Jr., and Mr. William S. Leahy, Jr."

The case is now before us on the motion of defendant Charles Reilly for judgment of acquittal after verdict or new trial under Rule 29(b).

The Allegheny River, at the place involved in this case, runs in a northerly and southerly direction. The Borough of Oakmont is located on the east side of the Allegheny River. About a mile and a half north of Oakmont, there is a dam across said river and a lock located on the east side of said river at which lights are placed thereon. In about the middle of the river or maybe a little to the west side thereof, above the dam, is located an island, narrow and long, about 900 feet in length.

The defendant James P. McHugh was the owner of a motor boat which he kept at the Oakmont Boat Club. On the night of June 10, 1950, about 11:00 p. m., the two defendants, together with some others, including both men and women, organized a party for a boat trip. They went up the Allegheny River in a northerly direction, went through the lock aforesaid, the owner operating said motor boat. After they got through the lock, the owner turned the boat over to Reilly to operate the same. He proceeded in a northerly direction, when he was requested by one of the ladies to go back to Oakmont, to which request he acquiesced. He made a turn to the left and proceeded down the river in a southerly direction, between the island and the west side of the river. He did not know the channel where he was operating the boat nor did he know the current. He knew of the aforesaid dam. The lights of the aforesaid dam were obstructed from view in the course down by leaves, etc. on the trees and shrubbery on the aforesaid island. He was not able to control said boat; consequently, it went over

742

the dam and afterwards upset, causing the unfortunate accident in this case.

 Negligence is lack of care under the circumstances. It is the failure to exercise that care which a reasonably careful· and prudent person would exercise under like circumstances. See Restatement of Torts, Vol. 2, p. 770, Section 289 Comment j. Under the evidence, the knowledge that the defendant Reilly had of the location of said dam, his turning of the boat to the West side of the island in mid river, his running of the boat down said side when he was not familiar with the channel nor with the current in the river, was negligence under the circumstances.

◼ Defendant in his motion for judgment of acquittal or for a new trial contends that the Government in order to convict was required to prove "reckless rather than mere negligent operation." We do not agree with this contention. The Act specifically provides that any person who operates any motor boat in a reckless or negligent manner so as to endanger the life, limb, or property of any person shall be guilty of a misdemeanor, and provides for the conviction of a defendant who operates a motor boat in a negligent manner, although his conduct may not have been reckless.

The defendant made the same contention under his question 2. I do not believe that any further reply is necessary as the Act is plain that a conviction may be had where the conduct is either reckless or negligent.

◼ Defendant further contends that the evidence in this case was not sufficient to prove negligence beyond a reasonable doubt. I am of the opinion that the evidence was sufficient for this purpose; that the knowledge that the defendant had of the river, the dam; the failure to see the lights at the lock; his ignorance of the island, together with his lack of knowledge of the channel in which he ran the motor boat and the current therein, was negligence beyond a reasonable doubt. I do not intend to say that the defendant's conduct was either willful or wanton, but it seems to me clear beyond a reasonable doubt that it showed negligence.

◼ The question of the joinder of the charges of reckless conduct and negligent conduct was not raised in defendant's motion for a directed verdict nor is it raised by the motion now before the Court. If it has any merit, it was raised too late.

This is an unfortunate case and accident with dire results. However, the defendant had a fair trial, and I am of the opinion that the verdict as rendered should stand.